UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: SEARCH WARRANT

Case No: 3:17-mj-198 (SALM)

September 22, 2021

**MOTION TO (1) UNSEAL CASE AND ALL DOCUMENTS EXCEPT THE SEARCH WARRANT AFFIDAVIT, AND (2) CONTINUE SEALING THE SEARCH WARRANT AFFIDAVIT FOR SIX MONTHS**

In accordance with Rule 57 of the Local Rules of Criminal Procedure, the Government respectfully requests that the Court unseal this case and all the documents in this case except for Doc. #1-1, which is the affidavit (the "SW Affidavit") in support of the search warrant application. With respect to the SW Affidavit, the Government respectfully requests that the Court continue sealing the SW Affidavit for an additional period of six months, until March 22, 2022.

On February 22, 2017, the Court issued a search warrant in this case and ordered the case and all documents to be sealed until further order of the Court. The Court also issued a non-disclosure order, which expired on February 22, 2018.  On August 18, 2021, the Court entered an Order directing the Government to file, on or before September 22, 2021, either "(a) a motion to unseal this matter, or (b) a motion requesting continued sealing of particular documents or, in extraordinary circumstances, the entire matter."

The non-disclosure order in this matter has expired. Accordingly, continued sealing of the docket and the documents in this case is no longer necessary, except for the SW Affidavit.  Aside from the SW Affidavit, none of the documents in the case reveal the identity of the target of the investigation or discuss the other investigative steps that law enforcement has undertaken in the investigation.

With respect to the SW Affidavit, the Government requests continued sealing for the following reasons. The SW Affidavit identifies the target of the investigation, the investigative steps that law enforcement has undertaken, and the evidence that law enforcement has gathered in its investigation. Based on the information contained in the SW Affidavit, and additional information obtained during the course of its investigation, the Government charged the target of the investigation in a sealed criminal complaint and has obtained a warrant for the target's arrest. Many of the details in the SW Affidavit are contained in the sealed criminal complaint affidavit. However, the target has not been apprehended.  To the Government's knowledge, the target is unaware that he/she is the subject of any investigation.

Based on the information gathered during the investigation, the Government believes that the target is a foreign national of and resides in a country that has no extradition treaty with the United States. The Government further understands that country does not allow for the extradition of its own nationals. However, the target has previously applied for a visa to travel to the United States with his/her family. At the Government's request, the visa was approved, but the target ultimately did not travel to the United States on that prior occasion.  Disclosure of the SW Affidavit could dissuade the target from ever traveling to the United States (or to another country that might be inclined to extradite the target to the United States).

Moreover, the Government is exploring other options to apprehend the target, such as luring the target to the United States (or to another country that might be inclined to extradite the target to the United States). The ongoing COVID-19 pandemic and related travel restrictions have rendered these alternative options to apprehend the target difficult. With the United States set to ease travel restrictions for vaccinated individuals in the coming months, the Government will explore and pursue these alternative options within the period of continued sealing. However, as

discussed above, disclosure of the SW Affidavit could dissuade the target from ever traveling to the United States (or to another country that might be inclined to extradite the target to the United States).

Accordingly, the government submits that continued sealing of the SW Affidavit is necessary because disclosure may compromise the investigation, increase the risk of harm for the law enforcement officers responsible for executing the arrest warrant, and result in the target taking steps to avoid apprehension and/or deciding not to travel to the United States (or to another country that might be inclined to extradite the target to the United States).

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court

(1) unseal this case and all of the documents in this case except for Doc. #1-1; and

(2) order Doc. #1-1 to remain sealed for an additional period of six months, until March 22, 2022.

Respectfully submitted,

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

*/s/ Neeraj N. Patel*
NEERAJ N. PATEL
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.:   (203) 821-3700

CERTIFICATE OF SERVICE

      I hereby certify that on September 22, 2021, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                        */s/ Neeraj N. Patel*
                        Neeraj N. Patel
                        Assistant United States Attorney